UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DENINA BEGLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:15-cv-00473-TWP-DML |
| | ) |
| MONARCH RECOVERY MANAGEMENT, INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER ON PLAINTIFF'S MOTION FOR COSTS AND ATTORNEY FEES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT**

This matter is before the Court on Plaintiff Denina Begley's ("Ms. Begley") Motion for Assessment of Attorneys' Fees and Costs pursuant to the Fair Debt Collection Practices Act ("FDCPA") (Filing No. 21). Defendant Monarch Recovery Management, Inc. ("Monarch") sent an offer of judgment to Ms. Begley, which she accepted. Ms. Begley now seeks an award of $3,035.00 in attorney fees and costs. For the following reasons, Ms. Begley's Motion for Attorneys' Fees and Costs is **GRANTED in part**.

### I. BACKGROUND

Monarch is a collection agency. Ms. Begley incurred a debt, and after her debt went into default, Monarch sought to collect on a debt owed to CITIBANK N.A.

On March 21, 2015, Ms. Begley filed a Complaint alleging Monarch violated the FDCPA (Filing No. 1). The alleged violation concerned a dunning letter that Monarch sent to Ms. Begley with language that violated the FDCPA. On June 29, 2015, Ms. Begley filed a Notice of Acceptance of Offer of Judgment (Filing No. 14), notifying the Court that Monarch had presented an offer of judgment on June 24, 2015, to settle the case, which she accepted. By the offer and

acceptance of judgment, Ms. Begley became the prevailing party under the FDCPA, and Monarch's offer of judgment included a provision for the payment of reasonable costs and attorney fees accrued through the date of the offer (Filing No. 14-1, ¶2).

Ms. Begley filed a Motion for Costs and Attorney Fees on August 5, 2015.  Monarch challenges the amount of time that was spent on the case and asserts that some of the work that was performed by the partner could have been accomplished by the associate or paralegal at a lower hourly rate.  In her Reply, Ms. Begley explains the reasonableness of the time expended on the case and the attorneys' involvement in certain tasks (Filing No. 25).

## II.   LEGAL STANDARD

Under 15 U.S.C. § 1692k(a)(3), a debt collector who violates the FDCPA is liable for "the costs of the [FDCPA] action, together with a reasonable attorney's fee as determined by the Court." The court has discretion to determine what constitutes reasonable attorney fees and to award such fees with the costs of the action.  *Gastineau v. Wright*, 592 F.3d 747, 748 (7th Cir. 2010). Furthermore, where the parties have agreed in writing to the payment of costs and reasonable attorney fees, the court will honor such an agreement.

> The touchstone for a district court's calculation of attorney's fees is the lodestar method, which is calculated by multiplying a reasonable hourly rate by the number of hours reasonably expended.  If necessary, the district court has the flexibility to adjust that figure to reflect various factors including the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation.  The standard is whether the fees are reasonable in relation to the difficulty, stakes, and outcome of the case.

*Id.* (citations and quotation marks omitted).

### III.     DISCUSSION

Monarch asserts that Ms. Begley's attorney fee request should be reduced because the hours worked on the case are unreasonable. Monarch does not challenge the hourly rates charged by the partner, associate, and paralegal or the accuracy of the calculation of the fees. Rather, Monarch challenges the amount of time that was spent on the case. Monarch points to filings from similar FDCPA cases recently filed by Ms. Begley's counsel to argue that the amount of time spent on this case was excessive because counsel simply had to "cut and paste" all the documents in this case. (*See* Filing No. 22-1 for similar filings in other cases.) In addition, Monarch asserts that some of the tasks performed by the partner should have been performed by the paralegal.

To begin, Monarch alleges that the task of researching the Defendant should be eliminated because there was no need to research the Defendant as Ms. Begley's counsel had just filed a separate action against Monarch only weeks before filing this action. Monarch argues that the previous filing less than a month earlier should have satisfied any need to research the Defendant.

While it is true that attorneys should not have to do much research for a defendant that they have encountered in the previous month, here, the time spent is not unreasonable. The time spent researching Monarch was 0.20 hours at the paralegal rate of $100.00 per hour (Filing No. 21-3 at 1). The paralegal spent, at most, only twelve minutes researching Monarch, which is not unreasonable when filing a new case. The Court agrees with Ms. Begley that this task and charged fee are reasonable because plaintiffs should ensure that service of process on a defendant will be correct.

Next, Monarch asserts that researching the 1099C tax issue was unreasonable. Again, the Court agrees with Ms. Begley that it is not unreasonable for a junior attorney to spend 0.40 hours (between eighteen and twenty-four minutes) researching a tax issue when preparing to file a debt

collection action. Under Rule 11, Ms. Begley's attorneys had an obligation to ensure their legal contentions were warranted before filing suit. This task and charged fee are reasonable.

Monarch argues that drafting, reviewing, and filing documents took an excessive amount of time. However, the Court determines that it is reasonable for a paralegal to spend less than one hour and twenty-five minutes drafting a complaint and accompanying documents, even when those documents are similar to filings in other cases. It also is reasonable for a partner to spend between thirty-seven and forty-two minutes reviewing and modifying a complaint and accompanying documents before a paralegal files the documents with the court. Another thirty-one to thirty-six minutes for a paralegal to file the complaint and accompanying documents is also reasonable.

Monarch also asserts that Ms. Begley's attorneys spent unnecessary time drafting discovery, initial disclosures, and other related documents, some of which were not served. However, as Ms. Begley points out, "[t]his Court ruled against a defendant making a similar argument in Peavler v. The Law Firm of Krisor & Associates, 14-cv-80-TWP-TAB, stating that no restriction exists on drafting and reviewing discovery requests." (Filing No. 25 at 3.) Like in the *Peavler* case, drafting, reviewing, and modifying initial disclosures, preliminary witness and exhibit lists, and discovery in this case was done while working up the case toward a case management plan soon after the Complaint was filed. Ms. Begley's counsel spent less than two hours (only 1.8 hours) on these tasks. Like in the *Peavler* case, the Court determines that these tasks and charged fees are reasonable.

Finally, Monarch states that some of the tasks that were charged at the partner rate of $300.00 per hour should have been performed by a paralegal and then charged at the paralegal rate of $100 per hour. The tasks questioned consist of receiving and reviewing orders, notices, and changes to the case. In each of these instances, the partner spent 0.10 hours (between one and six

minutes) on each task. Ms. Begley asserts that it was necessary under Rule 11 for the attorneys to stay abreast of the developments in the case. The Court agrees that these tasks and charged fees are reasonable.

This matter lasted just over four months and was managed by one partner, one associate, and one paralegal. The three professionals expended 13.4 hours on this case during those four months. This is not an unreasonable amount of time on a case of this nature. Upon review of the parties' offer and acceptance of judgment, the Court notes that the parties agreed that Monarch would pay the reasonable costs and attorney fees accrued through the date of the offer—June 24, 2015 (Filing No. 14-1, ¶2). Having determined that the amount of time spent on the case is reasonable and based on the parties' agreement, the Court reduces Ms. Begley's request for $3,035.00 in attorney fees and costs by $450.00 to $2,585.00 to account for fees accrued after the offer of judgment on June 24, 2015.

### IV.     CONCLUSION

For the forgoing reasons, Ms. Begley's Motion for Attorneys' Fees and Costs (Filing No. 21) is **GRANTED in part**. Ms. Begley is awarded her attorney fees and costs in the amount of $2,585.00 against Monarch.

**SO ORDERED.**

Date: 1/15/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Michael Anthony Eades
JOHN T. STEINKAMP AND ASSOCIATES
steinkamplaw@yahoo.com

John Thomas Steinkamp
JOHN T. STEINKAMP AND ASSOCIATES
steinkamplaw@yahoo.com

Vincent P. Antaki
REMINGER CO., LPA
vantaki@reminger.com